277 F.2d 334
 107 U.S.App.D.C. 304
 BRANIFF AIRWAYS, INCORPORATED, Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent, City of Lubbock, Texas,
and Lubbock Chamber of Commerce, Continental Air Lines,
Inc., City of Dallas, Texas, and Dallas Chamber of Commerce,
and City of Amarillo, Texas, and Amarillo Chamber of
Commerce, Intervenors.
 No. 15003.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 5, 1959.
Decided March 11, 1960, Petition for Rehearing Denied April 6, 1960.
 
 Mr. Hubert A. Schneider, Washington, D.C., with whom Mr. B. Howell Hill, Jr., Washington, D.C., was on the brief, for petitioner.
 Mr. O. D. Ozment, Associate Gen. Counsel, Litigation and Research, Civil Aeronautics Board, with whom Messrs. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, John H. Wanner, Deputy Gen. Counsel, Civil Aeronautics Board, Ulrich V. Hoffmann, Atty., Civil Aeronautics Board, and Richard A. Solomon, Atty., Dept. of Justice, were on the brief, for respondent.
 Mr. Donald L. Rushford, Washington, D.C., for intervenor Continental Air Lines, Mr. C. Edward Leasure, Washington, D.C., was on the brief for intervenor Continental Air Lines.
 Messrs. Henry P. Kucera and George S. Terry, Dallas, Tex., were on the brief for intervenors City of Dallas, Texas, Dallas Chamber of Commerce, City of Amarillo, Texas, and Amarillo Chamber of Commerce.
 Messrs. Edward P. Morgan and Harold E. Mott, Washington, D.C., entered appearances for intervenors City of Lubbock, Texas, and Lubbock Chamber of Commerce.
 Before PRETTYMAN, Chief Judge, and EDGERTON and FAHY, Circuit judges.
 EDGERTON, Circuit Judge.
 
 
 1
 Braniff Airways, Inc., (Braniff) challenges orders of the Civil Aeronautics Board of February 12 and March 23, 1959, in the Dallas to the West Service Case, insofar as they authorize Continental Air Lines, Inc. (Continental) to duplicate Braniff's non-stop service between the cities of Dallas and Amarillo, Texas. Continental already held a certificate for multi-stop service between those cities. Braniff says no substantial evidence supports the Board's finding that public convenience and necessity required amendment of the certificate.
 
 
 2
 We think there was ample evidence. Dallas and Amarillo produced testimony showing Braniff's service to be inadequate, and Braniff does not challenge the Board's finding that the public interest required a competing non-stop service by some carrier. Braniff did not challenge before the Board 'Continental's fitness, willingness and ability within the meaning of the Act', which had been shown in connection with other routes and services in the same general area. Braniff complains that Continental did not present a detailed proposal of schedules, equipment, accommodations, and facilities. But in Civil Aeronautics Board v. State Airlines, 338 U.S. 572, 70 S.Ct. 379, 94 L.Ed. 353, the Supreme Court sustained the Board's award of a route to a carrier that had not even applied for the specific route and obviously, therefore, had made no detailed proposal regarding its operation. This makes it clear that no such proposal is necessary. It would be futile to require a detailed proposal, because carriers are authorized to change 'schedules, equipment, accommodations, and facilities * * * as the development of the business and the demands of the public shall require.' 49 U.S.C. (1952 ed.) 481(f) (1958 ed); 1371(e). It is not relevant in this connection that this case involves a competing route while the State case involved a new route.
 
 
 3
 Since evidence regarding Continental's prospective operation was unnecessary, the Board did not abuse its discretion in refusing to reopen the record to receive such evidence.
 
 
 4
 Braniff also attacks as unsupported by evidence the Board's finding that 'the public benefits which may be expected from this authorization will outweigh any adverse effects on Braniff that are likely to result.' But this finding is only an incomplete paraphrase of the required finding which we have found to be supported. To say that 'the public convenience and necessity require the amendment of the certificate of Continental' is to say that 'the public benefits which may be expected from this authorization will outweigh any adverse effects * * *.' Braniff does not suggest that it cannot compete or that the minor competition here involved will seriously affect its financial position.
 
 
 5
 Affirmed.